*OTC*

RECEIVED

DEC 12 2017



TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

5:17-cv-1611

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA


Clinton Strange,

Plaintiff


v.


Supreme Marketing Group, Inc. ,

Defendant

Civil Action:

Complaint for the Violations of the:

**Telephone Consumer Protection Act 47 U.S.C. § 227**

)
)
)
DEMAND FOR JURY TRIAL

)

)

)

Preliminary Statement;

This is an action brought by an adult individual against Defendant Supreme Marketing Group, Inc. for violations of THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), under U.S. Federal Statutes:

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

)

)

)

Jurisdiction of this court arises under:

**47 U.S.C. § 227**

Venue lies properly in this district pursuant to 28 **U.S.C. § 1391**

)

)

PARTIES:

Plaintiff is an adult individual residing at 7021 Winburn Drive, Greenwood, LA 71033 within the Western District of Louisiana.

Defendant Supreme Marketing Group, Inc. is a For Profit Corporation that regularly conducts business in The Western District of Louisiana, and which has a principal place of business located at:    2200 North Federal Highway, Boca Raton, FL 33431.

)

)

Factual Allegations:

1. Plaintiff has no Established Business Relationship "EBR" with the Defendant.

2. Plaintiff never consented to be contacted by the Defendant by any means.

3. Plaintiff has repeatedly selected "to be removed from" the Defendant's call list.

4. The Defendant originally began calling the Plaintiff's cell phone in about September of 2016 regarding "Google AdWords Account".

5. In about September of 2016 the Plaintiff first selected "to be removed from" the Defendant's call list

6. The Plaintiff continued to receive calls from the Defendant until December of 2017.

7. All the calls made by the Defendant to the Plaintiff were made using an automated system.

8. When the Defendant called the Plaintiff on some occasions the numbers were "disguised" to appear to be local / and or in-state calls.

9. The call center for the Defendant is located in Florida.

10. On 11-29-2017 at 12:01pm CST the Plaintiff Received a call from an auto-dialer using a pre-recorded message. The Plaintiff selected "to be connected" to one of the Defendant's agents. After the agent gave his sales pitch, but before any statements were made that might create a contract between the 2 parties, the plaintiff began pressing the agent to identify himself, what company he represented, and the web-site for the company. The call center agent identified the web-site as " www.claimmybiz.us" , and the name of the company as Small Business Solutions. When the Plaintiff asked to speak with a supervisor the agent terminated the call. On 11-29-2017 at 2:47pm CST, The Plaintiff received an automated call from the same company, and selected "to be connected with an agent" the same agent answered the phone. The agent upon hearing the Plaintiff's voice immediately terminated the call.

11. The website www.claimmybiz.us is registered to "Josh Miller". The domain registry lists Josh Miller's "organization" as Supreme Marketing Group. The domain Registry lists Josh Miller's address as: 17063 Darlington Ct., Boca Raton, FL 33496.

12. According to The Secretary of the State of Florida's Office: Joshua Miller is the Vice President, and Treasurer of Supreme Marketing Group, Inc.

13. Small Business Solutions has a Facebook Page. The Facebook Page seems to exist for recruitment of telemarketers in an "inbound" call center. The Face Book Page lists the address as 2200 North Federal Highway, Boca Raton, FL 33431.

14. According to The Florida Secretary of State' s office; both the principal place of business for Supreme Marketing Group, Inc., and its Registered Agent are: 2200 North Federal Highway, Boca Raton, FL 33431.

15. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Law and State Laws and the rights of the Plaintiff herein.

)

)

Count 1:

(Plaintiff v. Supreme Marketing Group, Inc.)

1. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

2. At all times pertinent hereto , Defendant was a "company" as that term is defined by :

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

3. At all times pertinent hereto, Plaintiff was a consumer as that term is defined under:

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

4. Pursuant to:

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal and State Laws referenced herein.

5. Defendant is liable to the Plaintiff for the full amount of statutory, and punitive damages, along with the attorney's fees and cost of litigation, as well as such further relief, as may be permitted by law.

)

)

Jury trial Demand;

Plaintiff demands trial by jury on all issues so triable.

Prayer for Relief;

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Statutory Damages;

Punitive Damages;

Costs and reasonable attorney's fees pursuant to:

**47 U.S.C. § 227 (b)(1)(a)(iii)**

**47U.S.C. § 227 (b)(1)(b)**

**47 U.S.C. § 227 (b)(3)**

**47 U.S.C. § 227 (f)**

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _____   _12-12-2017_

Clinton Strange

Pro-Se

7021 Winburn Drive

Greenwood, LA 71033

318-423-5057